JOSIAH K. BARNEY *et al. vs.* ANNIE E. MCCLOY *et al.*

JUNE 6, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Wills.  Provision for Support of Wife, of Unsound Mind.*

Testator had placed his wife, of unsound mind in an insane hospital. By his will he provided for her support by his trustees during her stay "at the insane hospital".—

*Held,* that the words did not show an intent to exclude every other institution and environment which might be suitable for the comfort of the wife and that the trustees were empowered and required to pay such amounts as the care of the wife might reasonably call for under the conditions of the estate and in such places as the guardian of the wife might select having a proper consideration for the comfort of her ward.

BILL IN EQUITY for construction of will. Certified under Gen. Laws, cap. 289, § 35.

VINCENT, J. This is a bill in equity brought by Josiah K. Barney and Edwin Tetlow, trustees under the will of James W. Gwinn for the construction of that part of said will which directs the trustees to provide for the support and maintenance of the wife of the testator, Hannah B. Gwinn, so long as she shall remain of unsound mind, etc.

The bill is brought against Annie E. McCloy and other respondents comprising all of those who are interested as beneficiaries under the will of the said James W. Gwinn and is certified to this court for final determination under Section 35, Chapter 289, Gen. Laws, 1909.

The provision of that part of the will presented for consideration is as follows:—

"Also to provide comfortable and suitable support and maintenance for my wife, Hannah B. Gwinn, such as she has been accustomed to have provided by me and in as liberal a manner as the condition of my estate will permit during her stay at the Insane Hospital and should she be restored mentally so that she will be discharged sound of mind from the said Insane Hospital then in lieu of the aforementioned my said trustees shall pay her from time to time not to exceed six hundred ($600) dollars in any one year . . ."

The particular point upon which the trustees desire the determination of this court is as to whether they are authorized by the terms and provisions of the will of James W. Gwinn above set forth to pay out the funds of the trust estate for the support of the said Hannah B. Gwinn at any other place than the Butler Hospital for the Insane.

One of the complainant trustees, Josiah K. Barney, has deceased since the commencement of this suit which is now being prosecuted by Edwin Tetlow, the surviving trustee.

Hannah B. Gwinn, the testator's wife, was placed by her husband, James W. Gwinn, in Butler Hospital on October 21, 1897, where she remained continuously until the 15th day of December, 1906, when James W. Gwinn died.

Following the death of James W. Gwinn his wife remained at the Butler Hospital until October 31, 1907, the trustees continuing to pay her expenses in accordance with the terms of the will.

On October 31, 1907, Mrs. Gwinn was removed from the Butler Hospital by her sister Adelaide Daughaday under the authority of her guardian Elizabeth P. Aldridge, who was another sister.

From October, 1907 until September 26, 1922, Mrs. Gwinn resided in various places, chiefly at Round Lake, New York, in a cottage owned by Elizabeth P. Aldridge or her estate. Mrs. Aldridge deceased on August 23, 1917, and after the latter's death, Mrs. Gwinn was in the care of various persons, employed and paid by the trustees under the will, up to September 26, 1922.

On November 24, 1922, Nettie D. Barnes, one of the respondents and a niece of Mrs. Gwinn, was appointed the guardian of her person and estate.

Later the trustees requested the guardian, Mrs. Barnes, to place Mrs. Gwinn in the Butler Hospital. This she refused to do, at the same time requesting the complainant trustees to pay for the support of Mrs. Gwinn elsewhere, whereupon the trustees notified said guardian that they would cease any further contract with the "Park Rest" for Mrs. Gwinn's care and support, but that they would instead pay over to Mrs. Barnes as guardian such amount of money as they considered necessary and available for the comfortable support of her ward, and that since December 31, 1922, they have been making payments at the rate of $50 a week.

This brings us to the consideration of the particular question "Are the trustees authorized by the terms and provisions of the will of James W. Gwinn to pay out the funds of the trust estate for the support of the said Hannah B. Gwinn at any other place than the Butler Hospital."

Mrs. Gwinn is now about 90 years of age and afflicted with senile dementia, following a disordered mental condition, from which she had suffered for many years. It is not disputed that taking into consideration her age and condition no hope can be entertained of her recovery or improvement.

Mrs. Gwinn was placed in the Butler Hospital by her husband and it may be quite reasonable to infer, that in the framing of the paragraph in his will, which is herein set forth, he may not have had in mind her care and maintenance in any other institution or place. We cannot, however, construe these provisions of the will into a positive direction to the trustees that she should always remain in the Butler Hospital. The name "Butler Hospital," or "Butler Hospital for the Insane" does not appear in that part of the will which we are asked to consider. The words used are "the Insane Hospital." We cannot say that these words show an intent on the part of the testator to exclude every other institution and every other environment which might be suitable to the condition and comfort of his wife.

Our decision is that under the provision in the will of James W. Gwinn regarding the confinement and care of his wife the trustees are fully empowered and required to pay such amounts as the care of Mrs. Gwinn may reasonably call for under the conditions of the estate and in such place or places as the guardian may select having a proper consideration for the comfort and well-being of her ward.

The parties may present to this court for approval a form of decree in accordance with this opinion on June 18, 1923.

*Waterman & Greenlaw, Edwin J. Tetlow,* for complainant.
*Edwards & Angell, Eliot G. Parkhurst,* for certain respondents.